IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER |
| | 14-cv-397-bbc |
| | 02-cr-100-bbc |
| v. | 13-cv-64-bbc |
| BENJAMIN J. BIESE, | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Benjamin J. Biese was convicted and sentenced in 2003 of causing a threatening communication to be delivered by the United States Postal Service, in violation of 18 U.S.C. § 876. He filed an untimely appeal, which was dismissed in March 2004, when he did not pay the filing fee. In July 2004 he filed a motion for post conviction relief under 28 U.S.C. § 2255 (04-cv-500-bbc), but dismissed the motion after the court asked him to provide specific details to support his claims and advised him of the unlikelihood that any change in his sentence would result in his being transferred from state custody to a federal prison.

On January 25, 2013, defendant filed a new motion for post conviction relief under § 2255 (13-cv-64-bbc) saying that he had been deprived of the effective assistance of counsel when he was prosecuted for the threat charge. I advised defendant that his motion was

1

untimely unless he could show that it came within one of the exceptions to the one-year statute of limitations set out in § 2255, such as the one applying to newly discovered facts. Under this exception, a defendant must file his § 2255 motion within one year from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." § 2255(f)(4). I gave defendant an opportunity to make this showing, dkt. #3. He responded on February 11, 2013 with a proposed amendment to his motion, dkt. #4; a supplement, dkt. #5; and his own affidavit. Dkt. #6. The supplement seemed to be defendant's attempt to show that his post conviction motion was timely under the newly discovered evidence exception. He said that he had affidavits from five persons and two mental health reports, one prepared by Terry Kupers, M.D., and a second one prepared by Dr. Louis Fulton.

In an order entered on February 14, 2013, I gave defendant until March 4, 2013 to submit his evidence, but he never did so, although he obtained two extensions of time. On July 2, 2014, defendant moved to withdraw his § 2255 motion; his motion was granted on July 8, 2013.

On May 27, 2014, defendant filed a motion for post conviction relief under 28 U.S.C. § 2255 in the Eastern District of Wisconsin, in which he again asserted that his trial counsel had been ineffective. In a May 30, 2014 order, Judge Rudolph Randa transferred the case to this court on the ground that venue was proper in this district.

Defendant's allegations in his current motion suggested that he was continuing to assert that his counsel was ineffective. Again, however, he provided no support for the

2

allegations in the motion. On June 2, 2014, he filed an amendment to his motion, in which he alleged that he had been denied the effective assistance of counsel when his counsel coerced him into pleading guilty, failed to seek second opinions as to defendant's mental health and failed to investigate the U.S. Marshals Service. Defendant asserts that he has newly discovered evidence showing that after he was moved into mental health evaluation status, the staff at the Green Bay Correctional Institution took his letter, knowing that it contained a threat and mailed it.

I will deny defendant's attempt to revive his § 2255 motion. He has had at least three opportunities to state a claim and has failed to do so. He continues to say that he has evidence to support his claims but he still has not produced it. With each passing year, it becomes increasingly unlikely that he has any evidence to support a § 2255 claim. It is even more unlikely that any exculpatory evidence exists that he could not have obtained through the operation of due diligence until after May 27, 2013. (Any evidence discovered before that date could not be used to support any claim he is raising in this motion, which he filed on May 27, 2014. Subsection (4) of § 2255(f) allows a defendant only one year after "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" in which to file a post conviction motion.)

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S.

3

274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Defendant has not made a substantial showing of a denial of a constitutional right so no certificate will issue.

## ORDER

IT IS ORDERED that defendant Benjamin Biese's motion for post conviction relief under 28 U.S.C. § 2255 is DISMISSED for his failure to show that he was denied the effective assistance of counsel in his criminal case.

FURTHER, IT IS ORDERED that no certificate of appealability shall issue.

Entered this 16th day of June, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge